IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44703

| | | |
|---|---|---|
| IN THE INTEREST OF: JANE DOE and JANE DOE I, Children Under Eighteen Years of Age (2016-46) | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | 2017 Unpublished Opinion No. 445 |
| | ) | Filed: April 25, 2017 |
| Petitioner-Respondent, | ) ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JOHN DOE, | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas Kershaw, Magistrate.

Order terminating parental rights, affirmed.

Marilyn Paul, Twin Falls County Public Defender; Laura Z. O'Connell, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

---

GRATTON, Chief Judge

John Doe (Doe) appeals from the magistrate's order terminating his parental rights to his two minor children.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Doe and the children's mother have been involved in child protection proceedings in the past. The minor children were first placed in foster care by the Department of Health and Welfare (Department) in 2012, after an officer declared the home was not safe for the children due to unsanitary living conditions and the presence of illegal drugs. Further, both parents and children tested positive for methamphetamine and marijuana. The parents also tested positive for

1

amphetamines.  The children stayed in foster care for twenty months until the case was dismissed based on the sufficient progress the parents made on their case plan and graduation from drug court.

In February 2016, the children were again placed in foster care due to an unsafe home environment, drug use in the home, and lack of food in the home.  A shelter care hearing was held and representatives of the Department, the court-appointed guardian ad-litem with counsel, and the State were present.  Also present were both parents and their respective counsel.  The State requested a finding of aggravated circumstances due to chronic neglect, and both parents agreed to such a finding.  The magistrate made an aggravated circumstances finding in an order, and in accordance with that order, the State filed a petition for termination of parental rights.

Doe filed a motion to continue the trial for termination of his parental rights because both parents were convicted of felony drug charges and they both were in retained jurisdiction programs at the time of the trial.  This motion was denied and the trial was held with both parents being represented by counsel.  The magistrate found in favor of the State's petition to terminate the parental rights of both parents, concluding that the children, then ages three and five, had been neglected and that it was in the best interests for the children to terminate the parental rights of both parents.  The mother does not appeal.  The father timely appeals.

## II.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  I.C. § 16-2001(2).  Therefore, the requisites of due process must be met when terminating the parent-child relationship.  *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).  Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence.  *Id*.  Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence.  *Santosky v. Kramer*, 455 U.S. 745, 769 (1982).  *See also* I.C. § 16-2009;

2

*In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate terminated Doe's parental rights based on its finding that he had neglected his children. Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and

3

control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The Department did not develop a case plan for the parents when the children were removed in 2016 because of the extensive services provided in the previous case plan and because there were aggravated circumstances, as defined by I.C. § 16-1602(6), as a result of the prior child protection proceeding in 2012, which demonstrated chronic neglect. Doe now argues the Department was obligated to make special accommodations where necessary to deal with his cognitive and mental issues. He asserts that since this was not addressed in the 2012 case plan, it was inappropriate to declare there were aggravating circumstances in the 2016 child protection proceeding. However, as noted above, Doe stipulated to a finding of aggravated circumstances based on chronic neglect. Pursuant to I.C. § 16-1620, after such a determination is made, reasonable efforts to return the children to the home are not required and the court must follow the procedures as set forth in the statute, including a permanency hearing within thirty days, as the court did here. In addition, there was ample evidence presented at trial supporting the magistrate's decision to terminate Doe's parental rights based on the best interests of the children.

The magistrate noted that Doe had previously received the maximum available assistance after having the children placed in foster care in 2012; however, after being returned to the parents, the children were again found in an unsafe home environment. After having the children removed a second time, Doe continued to be involved in drugs, sustained criminal charges, and was incarcerated. There was also abundant testimony that supported the magistrate's decision. The officer testified that when he went to the home he declared the children to be in imminent danger after finding garbage and animal waste on the floor of the home, knives and prescription pills in reach of the children, and beds for the children with stained mattresses and no bedding. When the officer asked Doe about the smell in the home, Doe admitted to using marijuana. On the outside of the home the officer noticed there were broken down cars with dead mice inside. While the officer was still at the home, a social worker arrived and confirmed the unsafe condition of the home. The social worker also testified regarding her investigation of past complaints regarding the family and services that they had received. She noted the children had been in foster care for the majority of their lives and had

4

received speech therapy, as well as other services, because both children displayed delayed development. She also indicated the parents were evicted within a week of the children being taken into foster care for the second time, and for the majority of the time since, the parents had been homeless or incarcerated. Additionally, she stated Doe did not participate in visits with the children and never requested additional services be provided.

A foster parent and guardian ad litem both testified to the positive improvements that the children have made both socially and with their speech while in foster care. Doe's court compliance officer stated that Doe did not take any of the random drug tests required by the court, but did admit to using methamphetamine and marijuana after the children had been removed a second time. The primary social worker testified that she has seen the children at least once a month while this case has been open, and stated she believes it to be in the children's best interests to terminate Doe's parental rights as the children have blossomed in foster care. She indicated the parents had the necessary tools from the last case, but the parents did not utilize those tools. Finally, Doe testified that he does not have a source of transportation and has a suspended driver's license, which is why he had difficulty continuing the speech therapy sessions for the children. Further, Doe admitted to using drugs for twenty years, and that he had declined visitation with his children because he was not sober and he had never sought treatment for his mental health issues.

Doe's claim that the magistrate erred by not making special accommodations to deal with his cognitive and mental issues are not persuasive. His argument is similar to another case in which the mother claimed the magistrate erred by not appointing a guardian ad litem for her during the termination proceedings based on her alleged incompetency due to a schizophrenia diagnosis. *In re Doe*, 161 Idaho 393, 395, 386 P.3d 916, 918 (2016). In holding the magistrate did not err, the Idaho Supreme Court emphasized the findings that she had participated in the termination proceedings, had counsel appointed throughout the proceedings who did not raise the issue of competency during the proceedings, had physician services provided to her, and at no time was there a determination that she was incapable of understanding or participating in the proceedings. *Id.* at 396, 386 P.3d at 919. Likewise, Doe did not raise the issue of competency below, he was represented by counsel throughout the proceedings, and he did not request any additional services to the ones already provided. Furthermore, he had successfully completed the prior case plan and graduated from drug court, but the same issues regarding neglect of the

children resurfaced which validated the finding of chronic neglect. There was substantial and competent evidence to find it in the best interests of the children to terminate Doe's parental rights. We agree the children should not have to wait any longer for stability and permanency and affirm the decision of the magistrate.

## III.

## CONCLUSION

There was clear and convincing evidence Doe neglected his two minor children. For the reasons set forth above, we affirm the magistrate's order terminating his parental rights.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.